UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:06CV1126(TCM) |
| | ) |
| CITY OF O'FALLON, | ) |
| DONNA MORROW, | ) |
| JERRY SCHULTE, | ) |
| ROBERT M. WOHLER, | ) |
| JANE DOE, | ) |
| and JOHN DOE, | ) |
| | ) |
| Respondents. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Michael West's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1].[1]

### The petition

Petitioner filed this action under 28 U.S.C. § 2254 against respondents City of O'Fallon, Missouri; Donna Morrow; Jerry Schulte, Police Chief; Robert M. Wohler, Municipal Judge; Jane Doe #1, an employee of the Municipal Court; and John Doe #1, prosecuting attorney. Petitioner alleges that he was coerced into pleading guilty to three municipal code violations which resulted in the assessment of about $300 to $400 in fines against him. Additionally, petitioner alleges misconduct on the part of the court clerk; denial of due process by the municipal judge; misconduct by the municipal judge; misconduct by the municipal prosecutor; and "prisoner abuse."

---

[1] The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on July 24, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**Discussion**

Liberally construing the petition, petitioner was arrested on or about March 4, 2006, for three municipal code violations. Unable or unwilling to post a $400 cash bond, petitioner remained jailed until his appearance before Municipal Judge Wohler on March 8, 2006. At that time, petitioner asserts that Judge Wohler refused to reduce the amount of the bond and failed to release petitioner on his own recognizance. Consequently, petitioner asserts that he was "coerced" into pleading guilty to the municipal code violations. Judge Wohler imposed fines of approximately $300 to $400 for the violations and petitioner was released from custody.

A § 2254 habeas petition is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973). Habeas relief is available only if petitioner is in custody. See Russell v. City of Pierre, 530 F.2d 791, 792 (8th Cir. 1976); see also 28 U.S.C. § 2241(c). The "custody" requirement is not satisfied where - as here - the amount of the fine imposed on petitioner does not constitute a significant restraint . Russell v. City of Pierre, 530 F.2d at 792. Therefore, the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that an order to show cause upon the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall not issue.

**IT IS FURTHER ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of September, 2006.

_____
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com