```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


MICHAEL WEST,                    )
                                 )
            Petitioner,          )
                                 )
      v.                         )     No. 4:06 CV 1126 RWS
                                 )                        DDN
MUNICIPAL COURT FOR THE CITY OF  )
O'FALLON, MISSOURI, and          )
JEREMIAH JAY NIXON,              )
                                 )
            Respondents.         )
```

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the undersigned United States Magistrate Judge for a recommended disposition pursuant to 28 U.S.C. § 636(b). Pending are the petition of Michael West for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and petitioner West's Affidavit and Motion for Sanctions (Doc. 11).

### The habeas petition

Petitioner Michael West paid the required filing fee and commenced this action by filing a petition for a writ of habeas corpus on July 24, 2006. He originally named as respondents the O'Fallon Municipal Court, of O'Fallon, Missouri; city administrator Donna Morrow; Police Chief Jerry Schulte; Municipal Judge Robert M. Wohler; Municipal Court Clerk Jane Doe I; and Municipal Court Prosecuting Attorney John Doe I. By order of October 3, 2006, this court struck as respondents the City of O'Fallon, Donna Morrow, Jerry Schulte, Municipal Judge Robert Wohler, Municipal Clerk Jane Doe, and Prosecuting Attorney John Doe. Instead the court ordered that the respondents be the Municipal Court of O'Fallon and Jeremiah Nixon, the Attorney General of Missouri. (Doc. 5.)

West alleges that in January and March 2006 he was served with six municipal code violations.[1]  West was arrested and $400 bail was set for his release.  On March 8, petitioner alleges that respondent Wohler ordered that the $400 bail not be reduced.  West alleges that Wohler did not comply with Missouri Supreme Court Rule 37.15 by not making factual findings, only stating that West could not be released upon his personal promise to appear.  West alleges that respondent Wohler's actions coerced him into pleading guilty to the charges.  West alleges that respondent Wohler's actions violate the Due Process Clauses of the Constitution of the United States and of the Constitution of Missouri.

West further alleges that respondent Wohler imposed several fines and set further proceedings for April 5, 2006.  On March 12, 2006, West filed a motion under Missouri Supreme Court Rule 37.67, alleging that the guilty plea was coerced and that there were procedural irregularities.  West alleges that on April 5 he made a presentation on his Rule 37.67 motion for relief from the conviction.  He alleges that his motion was denied without a full and fair hearing, and that, as additional punishment, he was ordered to attend each municipal court date until further notice.

West alleges he filed petitions for writs of habeas corpus with the "state court," and the Missouri Supreme Court.  He alleges these petitions were denied summarily without hearings.

West alleges that Court Clerk Jane Doe I sets minimum court costs and fines at $100, which is arbitrary and capricious; that Municipal Court Prosecuting Attorney John Doe I failed to make a fair response to Rule 37.16 motions, failed to provide West with discovery in his case, and failed to report misconduct of the judge, all in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments; that the Municipal Court Judge gave West notice only of the $400 bail and not timely notice of the charges against him; that the

---

[1]These violations included driving without proof of insurance, driving while his license was suspended, failure to register his vehicle, driving with an altered temporary tag, driving while suspended, failure to provide proof of insurance, and having no license plates on his vehicle.  (Doc. 10 at 5-10.)

Municipal Judge denied West's Rule 37.67 motion without a hearing; that the Municipal Judge has failed to provide West with an opportunity to file a Rule 37.33 motion to dismiss the case for failure to state an offense; that the Municipal Judge discriminated against West by requiring him to attend future court proceedings until further order because West is an adult with physical disabilities; and that the respondents otherwise "maintain unconstitutional practices" in many specific ways.

Petitioner West seeks the following relief:

1. release from custody under § 532.430;

2. dismissal of his municipal court proceedings;

3. a declaration that the respondents' actions are unconstitutional;

4. injunctive relief that respondents' actions "cease and desist;"

5. that respondents' actions be referred to the appropriate authorities; and

6. that respondents pay the costs of this action.

### The response to the petition

In response to the instant federal petition for a writ of habeas corpus, respondent Jeremiah Nixon, the Attorney General of Missouri, argues that petitioner West is not and never has been sentenced to custody for the municipal violations alleged against him. Rather, respondent Nixon argues, the only alleged punishment levied against West were fines. More specifically, respondent Nixon states:

> Petitioner was not incarcerated as a punishment for the municipal code violations in question from March 4, 2006 as he alleges. (Petition at 3). He was in jail during this period for failing to pay his cash-only bond. (Respondent's Exhibit 1 at 1-2; Respondent's Exhibit 2, at 1-5; Respondent's Exhibit 3, at 1-2). Petitioner filed this petition after he was released on July 24, 2006. (Petition, at 1).

See Response, Doc. 9, at 2.

Nixon argues that fines are not custody for the purposes of 28 U.S.C. § 2254 and that this court does not have subject matter

jurisdiction over the action.  See Russell v. City of Pierre, South Dakota, 530 F.2d 791, 792 (8th Cir. 1976); Harvey v. State of South Dakota, 526 F.2d 840, 841 (8th Cir. 1976); Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987); Tinder v. Paula, 725 F.2d 801, 804 (1st 1984).

Petitioner West has not replied to the response.

### The motion for sanctions

Petitioner West seeks substantial monetary sanctions against "the O'Fallon Respondents, or attorneys," to be paid into the court's registry; the striking of respondents' pleadings; and the payment to him of compensation of $1,000.  It appears that, by his reference to "the O'Fallon Respondents," he means the City of O'Fallon and the individuals who have been stricken from the case by the court's order of October 3, 2006, Document 5.  The records of the court indicate that a copy of the October 3 order was mailed to petitioner on or about October 19, 2006.

### **DISCUSSION**

28 U.S.C. § 2254 provides, in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

28 U.S.C. § 2254(a)-(b) (emphasis added).  The petitioner must be in custody at the time he filed his petition.  Lopez v. Heinauer, 332 F.3d 507, 510 (8th Cir. 2003) (release while habeas petition is pending does not divest court of jurisdiction); Leonard v. Nix, 55 F.3d 370, 372 (8th Cir. 1995).

The payment of fines does not satisfy the "in custody" requirement of Section 2254.  In order for the "in custody" requirement to be met,

there must be "a significant restraint imposed on one's liberty." Russell, 530 F.2d at 792. A significant restraint on liberty would include parole or release on an individual's own recognizance. Harvey, 526 F.2d at 841. Under similar facts as in the instant case, the Russell court held that the payment of fines for a municipal violation was not a significant restraint on the petitioner's liberty. Russell, 530 F.2d at 792.

On November 28, 2005, plaintiff was released on his own recognizance after his original municipal violations. On March 4, 2006, he was held on a $400 cash bond while awaiting his arraignment for three more municipal violations. He was released after his March 8, 2006 guilty pleas. When plaintiff filed his petition, he was not in jail, on parole, or released on his own recognizance. See Harvey, 526 F.2d at 841. There was not even a warrant issued for his arrest at the time he filed his petition. (Doc. 10 at 3-4.)[2] The fines he was ordered to pay do not constitute custody, so petitioner does not meet the threshold requirement of being "in custody" at the time he filed his habeas petition. Therefore, his petition for habeas corpus should be denied.

Petitioner also moved for sanctions (Doc. 11) against certain O'Fallon respondents. Petitioner mentions specifically the City of O'Fallon and Shulte. Both of these former respondents have been stricken from this action. (Doc. 5.) Further, the undersigned has determined that this habeas petition should be denied because petitioner was not in custody at the time it was filed. Therefore, the motion for sanctions should be denied as moot.

---

[2]Petitioner was arrested again on September 7, 2006 for failure to appear in state court and failure to pay his fines. He posted a $500 cash bond. (Doc. 10 at 3.)

For these reasons,

**IT IS HEREBY RECOMMENDED** that the petition of Michael West for a writ of habeas corpus be denied.

**IT IS FURTHER RECOMMENDED** that the motion of petitioner West for sanctions be denied.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation. The failure to file objections may result in a waiver of the right to appeal issues of fact.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 20, 2006.